UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LARRY NAQUIN, SR.** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 10-4320** |
| | **SECTION "J"** |
| **ELEVATING BOATS, LLC AND TECHCRANE INTERNATIONAL, LLC** | **MAGISTRATE: 4 (K. Roby)** |

## TECHRANE INTERNATIONAL, LLC'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

**MAY IT PLEASE THE COURT:**

Plaintiff, Larry Naquin, Sr., has filed suit against two defendants, Elevating Boats, LLC ("EBI") and Techcrane International, LLC ("Techcrane"). Plaintiff was an employee of EBI and claims to have suffered injury while working on a crane allegedly designed, fabricated and manufactured by Techcrane. Techcrane has denied the plaintiff's allegations. Co-defendant, EBI, has answered plaintiff's complaint alleging that it, and not Techcrane, designed, fabricated, manufactured, constructed and maintained the complained of crane. Furthermore, EBI provided an affidavit exonerating Techcrane from any liability in this matter. Techcrane has propounded written discovery to Naquin and to date there has been no evidence produced which would support any of Mr. Naquin's claims against Techcrane; indeed, there has been no written response to any of Techcrane's written discovery. For these reasons, Techcrane moves this Court for summary judgment in its favor, dismissing, with prejudice, Naquin's claims against Techcrane, and for all costs in this matter.

## I.  PROCEDURAL HISTORY

On November 15, 2010, Larry Naquin, Sr., plaintiff, filed suit against EBI, his employer, and Techcrane following an accident on or about November 17, 2009 wherein Naquin was allegedly injured as a result of a crane malfunction.  Naquin claimed the crane was designed, fabricated and manufactured by Techcrane (See, Exhibit "A", plaintiff's complaint at par. VII).

On November 18, 2010, EBI filed an answer to plaintiff's complaint and asserted in response to plaintiff's allegation (no. VII) that "The allegations of paragraph (VII) of the Complaint are denied.  Specifically, the subject dock crane was located in Elevating Boats, LLC's yard in Houma, Louisiana.  It was designed, fabricated, manufactured, constructed and maintained by Elevating Boats, LLC.  Techcrane International, LLC had no responsibility whatsoever for the subject crane and is not a proper party to this lawsuit".  (See, Exhibit "B", EBI's answer, at pg. 4, par. VII).

On February 1, 2011, Techcrane sent correspondence to Naquin's counsel and attached an affidavit prepared by EBI which categorically stated that Techcrane did not, in whole or in part, design, fabricate, manufacture, construct or maintain the subject crane.  Techcrane had no responsibility for the subject crane. (See, Exhibit "C", EBI's affidavit of Walter J. Cure, IV).

Also on February 1, 2011, Techcrane filed its response to plaintiff's Interrogatories and Requests for Production of Documents.  (See, Exhibit "D", Techcrane's answers to Interrogatories and Requests for Production of Documents propounded by plaintiff).

Also on February 1, 2011, Techcrane propounded its own Interrogatories and Requests for Production of Documents to Naquin. (See, Exhibit "E", Techcrane's Interrogatories and Requests for Production of Documents propounded to Naquin).

On February 7, 2011, defendant, Techcrane, filed its answer to the plaintiff's complaint denying that it designed, fabricated, or manufactured the complained of crane as specified at paragraph VII of the plaintiff's complaint. (See, Exhibit "F", Techcrane's answer, at pg. 3, par. 7).

On March 10, 2011, a preliminary pre-trial conference was held wherein all counsel informed the court that Rule 26(a) Disclosures had been completed. (See, Exhibit "G", March 10, 2011 conference order).

On April 14, 2011, in response to opposing counsel's statement that he had not received Techcrane's written discovery undersigned counsel again re-issued Techcrane's discovery to plaintiff. (See, Exhibit "H", correspondence to Naquin's counsel dated April 14, 2011).

To date, despite telephone calls initiated by Techcrane, Naquin has provided no responses to written discovery and no evidence supporting his allegations against Techcrane.

II. **FACTS**

Larry Naquin, Sr. was employed by EBI and worked aboard a fleet of vessels owned, operated and/or controlled by defendant, EBI.[1]

---

[1] See, Exhibit "A", plaintiff's Complaint for Damages at par. IV.

On or about November 17, 2009, Naquin alleges he was involved in an accident while employed by EBI.[2]

Naquin filed suit alleging "upon information and belief the aforementioned crane had been designed, fabricated, and manufactured by defendant herein Techcrane International."[3]

Co-defendant, EBI, admitted that the complained of crane was located in its (EBI) site in Houma, Louisiana, and stated that the crane was designed, fabricated, manufactured, constructed and maintained by EBI, but denied that Techcrane had any responsibility for the crane – "Techcrane International, LLC had no responsibility whatsoever for the subject crane and is not a proper party to this lawsuit".[4]

On January 31, 2011, EBI, through Walter J. Cure, IV, prepared an affidavit which was subsequently transmitted to Naquin's attorney in February 2011 wherein he unambiguously stated that:

> The subject crane was designed, by employees of EBI, none of whom were ever employed by Techcrane International. That the crane was constructed by employees of EBI, none of whom were every employed by Techcrane. That the crane was inspected and maintained by employees of EBI, none of whom were ever employed by Techcrane. That the crane was erected by EBI and was placed at an adjacent dock within the facility which was also solely owned and operated by EBI. That at all times, EBI was the sole and exclusive owner and operator of the subject crane. That Techcrane had no ownership interest or other property rights in EBI, nor in the land or facilities were the incident occurred nor in the subject crane. That although Techcrane was a

---

[2] See, Exhibit "A", plaintiff's Complaint for Damages at par. V.
[3] See, Exhibit "A", Plaintiff's Complaint for Damages at par. VII.
[4] See, Exhibit "B", EBI's Answer at pg. 4 par. 7.

>licensed distributor of cranes, Techcrane never possessed, distributed or sold the subject crane.[5]

On February 1, 2011, Techcrane has propounded discovery to Naquin requesting that Naquin produce any and all evidence supporting his allegations against Techcrane.[6]

As of the filing of this motion, Naquin has provided no answers to defendant's discovery and has provided no evidence supporting his allegations against Techcrane.

## III. LAW

Summary judgment is appropriate if the evidence establishes that there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(c).

A dispute is genuine if the evidence is such that a reasonable jury can return a verdict for the non-movant. *Anderson vs. Liberty Lobby, Inc.,* 477 US 242, 248 (1986).

If the movant does not bear the burden of persuasion on the issue at trial, the movant may establish its entitlement to summary judgment by showing there is an absence of evidence to support the non-movant's case. *Celotex Corp. vs. Catrett*, 477 US 317, 325 (1986).

If the movant carries its burden, then the non-movant must then demonstrate the existence of a genuine of fact in order to survive the motion for summary judgment. *Matsushita vs. Elec. Indust. Co., Ltd. vs. Zenith Radio Corp.,* 475 US 574, 586 (1986).

---

[5] See, Exhibit "C", EBI's Affidavit of Walter J. Crane, IV.
[6] See, Exhibit "E", Techcrane's Interrogatories and Requests for Production of Documents propounded to Naquin.

## IV. ARGUMENT

### A. Plaintiff's Unsubstantiated Allegations

Plaintiff's claims against Techcrane rests upon unsubstantiated allegations that Techcrane designed, fabricated, manufactured the subject crane or otherwise had a duty to the plaintiff regarding the subject crane.

### B. Defendant Meets Burden to Show deficiency of Plaintiff's Case

Techcrane has denied plaintiff's assertions and furthermore has provided affirmative evidence in the form of co-defendant's affidavit that Techcrane did not design, fabricate, or manufacture the subject crane and did not owe a duty to the plaintiff. Techcrane obtained an affidavit from the vice president of EBI, Walter J. Cure, IV, and in the affidavit he categorically states that Techcrane did not owe a duty to the plaintiff and did not have custody or control over the crane. Specifically, EBI stated that the subject crane was designed by employees of EBI, none of whom were ever employed by Techcrane. That the crane was constructed by employees of EBI, none of whom were every employed by Techcrane. That the crane was inspected and maintained by employees of EBI, none of whom were ever employed by Techcrane. That the crane was erected by EBI and was placed at an adjacent dock within the facility which was also solely owned and operated by EBI. That EBI was at all times the sole and exclusive owner and operator of the subject crane. That Techcrane had no ownership interests or other property rights in EBI, nor its facilities, property land or subject crane. That although Techcrane was a licensed distributor of cranes,

manufactured by EBI, Techcrane never possessed, distributed or sold the subject crane.

Techcrane, by virtue of its response to plaintiff's complaint denying the allegations, by submitting EBI's answer to the complaint refuting plaintiff's claims against Techcrane, by plaintiff's failure to respond to any of Techcrane's written discovery, and by supplying this Court with the affidavit prepared by EBI refuting plaintiff's claims against Techcrane, hereby carries its burden as movant of this summary judgment, demonstrates that there is an absence of evidence to support the non-movant's (Naquin's) case.

### C. Plaintiff Cannot Meet His Burden

The plaintiff must now demonstrate the existence of a genuine issue of material fact in order to survive this motion for summary judgment. *Matsushita, supa.* By virtue of the positive, affirmative evidence presented herein, the plaintiff will be unable to carry his burden.

### V. CONCLUSION

Techcrane has shown through affirmative evidence that the plaintiff's allegations against it are baseless and cannot be supported. The plaintiff has failed to provide any evidence in response to it in discovery and will be unable to present any such evidence at the hearing on summary judgment. Having failed to demonstrate the existence of a genuine issue of material fact, plaintiff's claims must be dismissed, with prejudice, as a matter of law.

Respectfully submitted,

_____
DAVID K. GROOME, JR. (#22778)
**DEUTSCH, KERRIGAN & STILES, L. L. P.**
755 Magazine Street
New Orleans, Louisiana 70130
Telephone: (504) 581-5141
Facsimile:   (504) 566-1201
E-Mail: DGroome@dkslaw.com
*Counsel for Defendant,*
*Techcrane International, LLC*

## CERTIFICATE OF SERVICE

The undersigned certifies that on the 30th day of **June, 2011** the foregoing pleading was electronically filed with the Clerk of Court by using the CM/ECF system pursuant to the rules and procedures of the United States District Court, Eastern District of Louisiana and served in accordance therewith to all counsel of record.

_____
David K. Groome, Jr.