**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **LARRY NAQUIN, SR.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 10-4320** |
| **ELEVATING BOATS, L.L.C., ET AL.** | **SECTION: "J" (4)** |

**ORDER**

Before the Court is a **Motion to Expedite Hearing on Motion to Quash Deposition (R. Doc. 95)**, filed by Defendant Elevating Boats, L.L.C, seeking expedited consideration of Defendant's Elevating Boats, LLC's, Motion to Quash Deposition Expedited Hearing Requested (R. Doc. 94). Given the proximity of the trial in this matter, the undersigned finds that an expedited hearing is justified.

Also before the Court is **Defendant's Elevating Boats, LLC's, Motion to Quash Deposition Expedited Hearing Requested (R. Doc. 94)**, filed by Defendant Elevating Boats, L.L.C ("Elevating Boats"), seeking an order quashing the deposition of Dr. Bruce Guidry, Plaintiff Larry Naquin, Sr.'s ("Naquin") treating physician, which was noticed for May 8, 2012 at 5:00 p.m. The motion was heard via telephone conference on May 8, 2012.

**I.     Background**

Naquin filed this personal injury lawsuit pursuant to the Jones Act, 46 U.S.C. § 30104, *et seq*., and General Maritime Law as a result of a crane collapse. Naquin, a licensed crane operator, was employed by Elevating Boats and assigned to work aboard a fleet of vessels owned by it.

Naquin alleges that on November 17, 2009, the LC-400 dockside crane he was operating cracked and gave way, requiring him to exit the crane cab, but when he did so, he fell to the ground below. He contends that he suffered serious injuries to his foot, ankle, lower back, and other parts of his body.  Naquin further alleges that his injuries were solely and proximately caused by Elevating Boats negligence, and defectively designed, manufactured, and/or fabricated crane.  He seeks damages as well as maintenance and cure benefits.  The trial in this matter is set to commence on May 14, 2012.

As to the instant motion, Elevating Boats seeks an order an order quashing the deposition of Dr. Guidry, noticed for May 8, 2012 at 5:00 p.m.  Elevating Boats objects to the deposition on the basis that Naquin gave it less than four (4) working days notice of its intent to depose Dr. Guidry, and that Naquin unilaterally noticed the deposition on May 7, 2012 - just over 24 hours prior to the deposition.  Elevating Boats further contends that, despite its objection to the deposition on the grounds of insufficient notice, Naquin plans to proceed with the deposition anyway, thereby necessitating the instant motion.

II.     **Standard of Review**

Federal Rule of Civil Procedure ("Rule") 26(b)(1) provides that "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense." Fed.R.Civ.P. 26(b)(1).  The Rule specifies that "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed.R.Civ.P. 26(b)(1).  The discovery rules are accorded broad and liberal treatment to achieve their purpose of adequately informing litigants in civil trials. *Herbert v. Lando*, 441 U.S. 153, 177 (1979). Nevertheless, discovery does have "ultimate and necessary boundaries."  *Oppenheimer Fund, Inc.*

*v. Sanders*, 437 U.S. 340, 351 (1978) (quoting *Hickman v. Taylor*, 329 U.S. 495, 507 (1947))

Further, it is well established that "control of discovery is committed to the sound discretion of the

trial court . . ." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009); *Coleman v. Am. Red*

*Cross*, 23 F.3d 1091, 1096 (6th Cir. 1994).

Under Rule 26(b)(2)(c), discovery may be limited if: (1) the discovery sought is unreasonably

cumulative or duplicative, or is obtainable from another, more convenient, less burdensome, or less

expensive source; (2) the party seeking discovery has had ample opportunity to obtain the discovery

sought; or (3) the burden or expense of the proposed discovery outweighs its likely benefit.

Fed.R.Civ.P. 26(b)(2)(C).  In assessing whether the burden of the discovery outweighs its benefit,

a court must consider: (1) the needs of the case; (2) the amount in controversy; (3) the parties'

resources; (4) the importance of the issues at stake in the litigation; and (5) the importance of the

proposed discovery in resolving the issues.  Fed.R.Civ.P. 26(b)(2)(C)(iii).

## III.    Analysis

On May 8, 2012, the Court initiated a telephone conference with the parties.  During the

telephone conference, counsel for Elevating Boats conceded that he received an email from counsel

for Naquin on May 3, 2012, notifying him that Dr. Guidry wanted to give deposition testimony

rather than appear at trial.  The email further stated, "we would like to notice for Tuesday, May 8

at 5 PM as video deposition. Please let me know if this is agreeable with you."  (R. Doc. 94-2, p. 1.)

Counsel for Elevating Boats further conceded that he did not respond to the email, but was unable

to provide the Court with an adequate explanation as to why.

When asked on what date counsel for Naquin found out Dr. Guidry preferred to give

perpetuation testimony, counsel replied that he found out when he started calling his trial witnesses -

on or about May 2, 2012.  The Court noted that, considering the parties' May 7, 2012 deadline to submit perpetuation testimony, counsel's May 3, 2012 attempt to notice Dr. Guidry's deposition testimony on May 8, 2012 was not reasonable.

Considering the fact that both counsel contributed to the discovery dispute, the Court encouraged the parties to come to an agreement.

Accordingly, in lieu of Dr. Guidry's deposition, counsel for Naquin and Elevating Boats stipulated to the information contained in Naquin's medical records from November 17, 2009 forward, by Drs. Guidry and McThurn, with the exception of any statements in Naquin's medical records regarding the death of or injury to others as a result of the crane collapse.  As a result of the parties' stipulation, the subject matter has been resolved.

## IV.    Conclusion

Accordingly,

**IT IS ORDERED** that Elevating Boats' **Motion to Expedite Hearing on Motion to Quash Deposition (R. Doc. 95)** is **GRANTED**.

**IT IS FURTHER ORDERED** that **Defendant's Elevating Boats, LLC's, Motion to Quash Deposition Expedited Hearing Requested (R. Doc. 94)** is **DENIED AS MOOT**.

New Orleans, Louisiana, this 9th day of May 2012.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**