U.S. DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA
FILED MAY 16 2012
LORETTA G. WHYTE
CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LARRY NAQUIN, SR. | CIVIL ACTION |
| VERSUS | NO. 10-4320 |
| ELEVATING BOATS, L.L.C., ET AL. | SECTION "J" (4) |

**LEGAL INSTRUCTIONS READ TO THE JURY**

*******************************************************************************

MEMBERS OF THE JURY:

You have heard the evidence in this case. I will now instruct you on the law that you must apply. It is your duty to follow the law as I give it to you. On the other hand, you, the jury, are the judges of the facts. Do not consider any statement that I have made in the course of trial or make in these instructions as an indication that I have any opinion about the facts of this case.

You have heard the closing arguments of the attorneys. Statements and arguments of the attorneys are not evidence and are not instructions on the law. They are intended only to assist the jury in understanding the evidence and the parties' contentions.

You must answer all questions from a preponderance of the evidence. By this is meant the greater weight and degree of credible evidence before you. In other words, a preponderance of the evidence just means the amount of evidence that persuades you that a claim is more likely so than not so. In determining whether any fact has been proved by a preponderance of the evidence in the case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

## CONSIDERATION OF THE EVIDENCE

You must consider only the evidence in this case. However, you may draw such reasonable inferences from the testimony and exhibits as you feel are justified in the light of common experience. You may make deductions and reach conclusions that reason and common sense lead you to make from the facts that have been established by the testimony and evidence in this case.

The testimony of a single witness may be sufficient to prove any fact, even if a greater number of witnesses may have testified to the contrary, if after considering all the other evidence you believe that single witness.

There are two types of evidence you may consider. One is direct evidence—such as testimony of an eyewitness. The other is indirect or circumstantial evidence—the proof of circumstances that tend to prove or disprove the existence or nonexistence of certain other facts. The law makes no distinction between direct and circumstantial evidence, but simply requires that you find the facts from a preponderance of all the evidence, both direct and circumstantial.

**CREDIBILITY OF WITNESSES**

In deciding this case, you are expected to use your good sense. Give the evidence and the testimony of each witness a reasonable and fair interpretation in the light of your own knowledge of the natural tendencies of human beings.

Now, I've said that you must consider all of the evidence in the case. This does not mean, however, that you must accept all of the evidence as true or accurate.

You are the sole judges of the credibility or "believability" of each witness and the weight to be given to his or her testimony. In weighing the testimony of a witness you should consider his relationship to a party; his interest, if any, in the outcome of the case; his manner of testifying; his opportunity to observe or acquire knowledge concerning the facts about which he testified; his candor, fairness, and intelligence; and the extent to which he has been supported or contradicted by other credible evidence. You may, in short, accept or reject the testimony of any witness in whole or in part.

Also, the weight of the evidence is not necessarily determined by the number of witnesses testifying as to the existence or nonexistence of any fact. You may find that the testimony of a smaller number of witnesses as to any fact is more credible than the testimony of a larger number of witnesses to the contrary.

In determining the weight to give to the testimony of a witness, you should ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact, or whether there was evidence that at some other time the witness said or did something, or failed to say or do something, that was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people may forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was an intentional falsehood or simply an innocent lapse of memory; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

EXPERT WITNESSES

When knowledge of technical subject matter may be helpful to the jury, a person who has special training or experience in that technical field - he is called an expert witness - is permitted to state his opinion on those technical matters. However, you are not required to accept that opinion. As with any other witness, it is up to you to decide whether to rely upon it.

In deciding whether to accept or rely upon the opinion of an expert witness, you may consider any bias of the witness, including any bias you may infer from evidence that the expert witness has been or will be paid for reviewing the case and testifying, or from evidence that he testifies regularly as an expert witness and his income from such testimony represents a significant portion of his income.

## DEPOSITION TESTIMONY

In this case, as you may remember, certain testimony was presented to you in the form of a witness's deposition. A deposition is the sworn, recorded answers to questions asked a witness in advance of the trial. Under some circumstances, if a witness cannot be present to testify from the witness stand, that witness' testimony may be presented, under oath, in the form of a deposition. Some time before this trial, attorneys representing the parties in this case questioned the witness under oath. A court reporter was present and recorded the testimony. The questions and answers were shown to you in the form of a videotape. This deposition testimony is entitled to the same consideration and is to be judged by you as to credibility and weighed and otherwise considered by you insofar as possible in the same way as if the witness had been present and had testified from the witness stand in court.

## ADMISSIBILITY OF EVIDENCE

At times throughout the trial, I have been called upon to pass on the admissibility of evidence. Whether evidence is admissible is purely a question of law for me to decide and with which you have no concern. From any ruling on these questions, you are not to draw any inference as to what weight should be given the evidence or as to the credibility of the witness. In admitting evidence to which an objection is made, I do not determine what weight should be given it; that is a matter for you to determine as jurors. As to any evidence rejected by me, you, of course, must not consider it at all. Likewise, as to any question to which an objection was sustained, you must not conjecture as to what the answer might have been or as to the reason for the objection or for my ruling.

**BIAS—BUSINESS ENTITY PARTY INVOLVED**

Do not let bias, prejudice, or sympathy play any part in your deliberations. A company, including a limited liability company such as the defendant, and all other persons are equal before the law and must be treated as equals in a court of justice.

## BURDEN OF PROOF--PREPONDERANCE OF THE EVIDENCE

In this case, the plaintiff must prove every essential part of his claim by a preponderance of the evidence. A preponderance of the evidence simply means evidence that persuades you that the plaintiff's claim is more likely true than not true.

In deciding whether any fact has been proven by a preponderance of the evidence, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them. If the proof fails to establish any essential part of the plaintiff's claim by a preponderance of the evidence, you should find for the defendant as to that claim.

## CLAIM IN THIS CASE

In this case, ladies and gentlemen, the plaintiff, Larry Naquin, Sr., is seeking to recover damages from the defendant, Elevating Boats, L.L.C. The plaintiff's claim arises under a federal statute known as the Jones Act. Under the Jones Act, the plaintiff is seeking damages for his injuries that he allegedly suffered as a result of the defendant's negligence. Specifically, he claims that his employer, Elevating Boats, L.L.C., was negligent in failing to provide him with a reasonably safe place to work. I will now instruct you concerning the law applicable to the plaintiff's claim.

## SEAMAN STATUS

1. The plaintiff is seeking damages from the defendant for injuries that he allegedly suffered as a result of an accident that occurred while he was operating a land-based crane in order to move a test-block.

2. Only an employee who qualifies as a "seaman" under the Jones Act is entitled to bring the claim that Plaintiff is asserting. The plaintiff claims that his employment with the defendant was of such a nature that under the governing law, he was a seaman and is therefore entitled to bring these claims. The defendant denies that the plaintiff was a seaman and takes the position that the plaintiff is not entitled to bring a Jones Act claim. You must therefore first determine whether, at the time of the accident, the plaintiff was a seaman as the law has defined that term. As I instruct you about the test for seaman status, I also may use the term "member of a crew." Seaman and member of a crew mean the same thing.

3. Under the governing law, the plaintiff is a seaman if he proves by a preponderance of the evidence that:

**(A)** That he has a connection to a vessel in navigation (or to an identifiable group of vessels) that is substantial in terms of both its duration and nature; and

**(B)** His duties contributed to the function of a vessel (or identifiable group of vessels) or to the accomplishment of its mission.

4. The plaintiff must satisfy both the first and second parts of this test. If he satisfies both, then you must find that he was a seaman. In applying the first part of the test, you must determine whether, from a preponderance of the evidence, the plaintiff was either permanently assigned ~~permanently~~ to an identifiable fleet of vessels, or whether he performed a substantial part of his work on an identifiable fleet of vessels.

5. In order to prove that his connection with a vessel (or an identifiable fleet of vessels) was substantial, plaintiff must show that he had more than a temporary or occasional connection with the vessels. In other words, the plaintiff must prove that he had an actual, regular connection with a vessel or discrete group of vessels in order to establish that he was a seaman.

6. Even if you find that the plaintiff was not permanently assigned to the vessels as I have just defined it, he nevertheless can satisfy the first part of the test for seaman status if he performed a substantial part of his work on an identifiable fleet of vessels, or if he performed a significant part of his work on those vessels with at least some degree of regularity and continuity, and that his duties on the vessels

were more than merely fortuitous and incidental. When a person performs some of his duties on land, and other of his duties on vessels, you must consider the portion of his duties that he performed in each location in connection with your determination as to whether or not he performed a substantial or significant part of his work on a group of vessels, as compared to what he did on land. Generally, if an employee spends 30% or more of his working time in service of a vessel, he will satisfy the first prong of this test.

7. Whether the plaintiff was a seaman at the time of the accident does not depend upon where the injury occurred, the particular type of work that was being performed when the injury was sustained, or the plaintiff's job title. Instead, you should focus on the nature and location of his work for Elevating Boats, L.L.C., when taken as a whole. In the end, the issue in this case is whether the nature of plaintiff's employment with EBI demonstrates a substantial connection to the defendant's fleet of vessels.

8. If you find that the plaintiff was assigned permanently to a group of vessels, or that he had a substantial connection to an identifiable group of vessels, you must next determine whether the plaintiff's duties were such that he meets the second part of the test. The plaintiff meets the second part of the test if he proves by a

preponderance of the evidence that the job or duties he performed contributed to the function of the fleet of vessels, or to the accomplishment of the vessels' missions, operations, or maintenance during their voyages or during their anchorage for future trips. A person may contribute to the function of a group of vessels or the accomplishment of their mission even if he is not engaged in the actual navigation of the vessels.

9. In considering whether plaintiff had the requisite connection to a vessel (or to a group of vessels), you must consider whether the vessels were "in navigation". This is a term of art that does not mean that the vessel must be actually plying the seas. The general rule is that a vessel is still considered to be "in navigation" for purposes of seaman status even when it is temporarily moored or docked and undergoing maintenance or repairs. On the other hand, a vessel undergoing major overhauls or renovations which require an extended period of time are not considered to be "in navigation". Also, a newly constructed vessel that has been launched but not completed is not "in navigation" during its initial sea trials.

## JONES ACT- NEGLIGENCE

1. As I previously mentioned, the plaintiff's first claim arises under the Jones Act. If you determine that the plaintiff is a seaman, you must determine whether he is entitled to recover damages under the Jones Act. In order to recover under the Jones Act, the plaintiff must prove that his employer was negligent. Negligence is the doing of an act that a reasonably prudent person would not do, or the failure to do something that a reasonably prudent person would do, under the same or similar circumstances.

2. The occurrence of an accident, standing alone, does not mean that anyone's negligence caused the accident. In a Jones Act claim, the word "negligence" is given a liberal interpretation. It includes any breach of duty that an employer owes to his employees who are seamen, including the duty of providing for the safety of the crew. Under the Jones Act, if the employer's negligent act caused the plaintiff's injury, in whole or in part, then you must find that the employer is liable under the Jones Act.

3. Negligence under the Jones Act may consist of a failure to comply with a duty required by law. Under the Jones Act, an employer owes its employees a duty to use reasonable care to provide a safe place to work. If you find that the plaintiff

was injured because the defendant failed to use reasonable care to furnish him with a reasonably safe place to work, and that the plaintiff's working conditions could have been made safe through the exercise of reasonable care, then you must find that the defendant was negligent.

4. The fact that the defendant conducted its operations in a manner similar to that of other companies is not conclusive as to whether the defendant was negligent or not. You must determine if the operation in question was reasonably safe under the circumstances. The fact that a certain practice has been continued for a long period of time does not necessarily mean that it is reasonably safe under all circumstances. Even a long accepted practice may be an unsafe practice.

5. However, a practice is not necessarily unsafe or unreasonable merely because it injures someone. A seaman's employer is legally responsible for the negligence of one of his employees while that employee is acting within the course and scope of his employment.

CAUSATION - JONES ACT

Not every injury that follows an accident necessarily results from it. The accident must be the cause of the injury. Under the Jones Act, an injury or damage is considered caused by an act or failure to act if the act or omission brought about or actually caused the injury or damage, in whole or in part.

## CONSIDER DAMAGES ONLY IF NECESSARY

If you find that the plaintiff has proven his claims against the defendant by a preponderance of the evidence, you will be required to determine the damages to which the plaintiff is entitled. You should not interpret the fact that I have given instructions about the plaintiff's damages as an indication in any way that I believe that the plaintiff should, or should not, win this case. It is your task first to decide whether the defendant is liable. I am instructing you on damages only so that you will have guidance in the event you decide that the defendant is liable and that the plaintiff is entitled to recover money from the defendant.

## COMPENSATORY DAMAGES

1. If you find that the defendant is liable, you must award the amount you find by a preponderance of the evidence as full and just compensation for all of the plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole – that is, to restore him to the position he would have been in if the accident had not happened. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendant. If you decide to award compensatory damages, you should be guided by the following principles.

2. First, you may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendant's allegedly wrongful conduct. The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less. You should not award compensatory damages for speculative injuries, but only for those injuries which the plaintiff has actually suffered or that he is reasonably likely to suffer in the future.

3. However, compensatory damages are not restricted to actual loss of time or money; they include both the mental and physical aspects of injury, both tangible and intangible. You should consider the following elements of damages, to the

extent you find that the plaintiff has established such damages by a preponderance of the evidence: physical pain and suffering including physical disability, impairment, and inconvenience, and the effect of the plaintiff's injuries and inconvenience on the normal pursuits and pleasures of life; mental anguish and feelings of economic insecurity caused by disability; income loss in the past; impairment of earning capacity or ability in the future, including impairment in the normal progress in the plaintiff's earning capacity due to his physical condition; post-medical expenses; the reasonable value, not exceeding actual cost to the plaintiff, of medical care that you find from the evidence will be reasonably certain to be required in the future as a proximate result of the injury in question. Some of these damages, such as mental or physical pain and suffering, are intangible things about which no evidence of value is required. In awarding these damages, you are not determining value, but you should award an amount that will fairly compensate the plaintiff for his injuries.

4. Next, any award you make to the plaintiff is not subject to income tax; neither the state nor the federal government will tax it. Therefore, you should determine the amount that plaintiff is entitled to receive without considering the effect of taxes upon it.

5. Computing damages may seem difficult, but again, you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit. You must use sound discretion in fixing an award of damages, exercising dispassionate common sense and drawing reasonable inferences where you find them appropriate from the facts and circumstances in evidence. You should consider the following elements of damage, to the extent you find them proved by a preponderance of the evidence:

## LOST EARNINGS/TIME/EARNING CAPACITY

Any earnings lost, any working time lost, any loss of ability to earn money sustained in the past and any such loss in the future.

## LOSS OF FUTURE EARNINGS

1. If you find that the plaintiff is entitled to an award of damages for loss of future earnings, there are two particular factors you must consider.

2. First, you should consider loss after income taxes; that is, you should determine the actual or net income that plaintiff has lost or will lose, taking into consideration that any past or future earnings would be subject to income taxes. You must award the plaintiff only his net earnings after tax. This is so because any award you may make here is not subject to income tax. The federal or state government will not tax any amount which you award on this basis.

3. Second, an amount to cover a future loss of earnings is more valuable to the plaintiff if he received the amount today than if he received the same amount in the future. Therefore, if you decide to award plaintiff an amount for lost future earnings, you must discount it to present value by considering what return would be realized on a relatively risk free investment.

BODILY INJURY/PAIN/DISABILITY/LOSS OF ENJOYMENT OF LIFE

You may also award damages for any bodily injury that the plaintiff sustained and any pain and suffering, disability, mental anguish, and/or loss of capacity for enjoyment of life that the plaintiff experienced in the past or will experience in the future as a result of his bodily injuries. No evidence of the value of intangible things, such as mental or physical pain and suffering, has been or need be introduced. You are not trying to determine value, but an amount that will fairly compensate the plaintiff for the damages he has suffered. There is no exact standard for fixing the compensation to be awarded for these elements of damage. Any award that you make should be fair in the light of the evidence.

**USE OF NOTES TAKEN BY JURORS**

In closing, I want to give you a few more general instructions, ladies and gentlemen. Any notes that you have taken during this trial are only aids to your memory. If your memory differs from your notes, you should rely on your memory and not on the notes. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and should not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollection or impression of each juror about the testimony.

## DUTY TO DELIBERATE

It is your sworn duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you are wrong. However, do not give up your honest beliefs solely because the others think differently, or merely to finish the case. Remember that in a very real way you are the judges—judges of the facts. Your only interest is to seek the truth from the evidence in the case.

When you retire to the jury room to deliberate, you may take with you this charge and the exhibits that the Court has admitted into evidence. Upon returning to the jury room you should first select one of your number to act as your foreperson who will preside over your deliberations and will be your spokesperson here in court. A form of verdict has been prepared for your convenience.

[Explain verdict form]

You will take the verdict form to the jury room and when you have reached unanimous agreement as to your verdict, you will have your foreperson fill it in, date and sign it, and then return to the courtroom.

If you recess during your deliberations, follow all of the instructions that I have given you concerning your conduct during the trial. After you have reached your unanimous verdict, your Foreperson must fill in your answers to the written questions and sign and date the verdict form. Unless I direct you otherwise, do not reveal your answers until such time as you are discharged. You must never disclose to anyone, not even to me, your numerical division on any question.

If you want to communicate with me at any time, please give a written message to the bailiff, who will bring it to me. I will then respond as promptly as possible either in writing or by meeting with you in the courtroom. I will always first show the attorneys your question and my response before I answer your question. I caution you, however, with regard to any message or question you might send, that you should never state or specify your numerical division at the time.

After you have reached a verdict, you are not required to talk with anyone about the case unless I order you to do so. You may now retire to the jury room to conduct your deliberations.