**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF LOUISIANA**

**NEW ORLEANS DIVISION**

| | | |
|---|---|---|
| LARRY NAQUIN, SR. | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO.: 10-4320 |
| | * | |
| ELEVATING BOATS, L.L.C., ET AL. | * | SECTION: "J" |
| | * | |
| | * | HONORABLE CARL J. BARBIER |
| | * | |
| | * | DIVISION: "4" |
| | * | |
| | * | HONORABLE KAREN WELLS ROBY |

******************************************************************************

**ELEVATING BOATS, LLC'S THIRD PARTY DEMAND AGAINST STATE NATIONAL INSURANCE COMPANY AND CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, INCLUDING SYNDICATES COF 1036, COF 2999, BRT 2987, AND AML 2001**

NOW INTO COURT, through undersigned counsel, comes Elevating Boats, LLC which, with respect, hereby pleads as follows:

**PARTIES**

1.

Made Third Party Plaintiff is Elevating Boats, LLC (hereinafter "EBI") which is a Louisiana limited liability company with its principal place of business in the State of Louisiana and within this judicial district.

2.

Made Third Party Defendant is State National Insurance Company (hereinafter "SNIC") which is a foreign insurance company licensed to do business and doing business in the State of Louisiana and within this judicial district.

3.

Made Third Party Defendant is Certain Underwriters at Lloyd's, London, including Syndicates COF 1036, COF 2999, BRT 2987, and AML 2001 (hereinafter "Lloyd's") which are a foreign insurance syndicates licensed to do and doing business in the State of Louisiana and within this judicial district.

**AMOUNT IN CONTROVERSY**

4.

The amount in controversy in this Third Party Demand exceeds $75,000 exclusive of interest and costs.

**JURISDICTION AND VENUE**

5.

Jurisdiction is proper under 28 USC § 1332 because the amount in controversy exceeds $75,000 exclusive of interest and costs and there is diversity of citizenship between EBI and SNIC and Lloyd's.

6.

Jurisdiction is also proper under 28 USC § 1367 because the Court has jurisdiction over the principal action pursuant to 28 USC § 1331 (original jurisdiction) insofar as it arises under the laws of the United States and this Third Party Demand concerns EBI's insurance coverage for Plaintiff's claims asserted in the principal action.

7.

Venue is proper in this judicial district because the wrongful acts and omissions occurred in this judicial district and EBI is domiciled in this judicial district.

**BACKGROUND**

8.

At all times pertinent, EBI had primary insurance coverage for Larry Naquin, Sr.'s claims under SNIC policy number TUV220042-03 and excess insurance coverage for Larry Naquin, Sr.'s claims under Lloyd's policy UMR: B0507 M09PP01690.

9.

On or about November 17, 2009, Larry Naquin, Sr. sustained injuries as a result of an accident in EBI's yard in Houma, Louisiana.

10.

Mr. Naquin subsequently filed a Seaman's Complaint for Damages in this Court naming EBI as a defendant.

11.

EBI subsequently reported the claim to SNIC and Lloyd's.

12.

SNIC and Lloyd's both denied EBI's claim.

13.

The damage award of Mr. Naquin's judgment against EBI in the principal action was reversed by the Fifth Circuit and rehearing was denied.

14.

Both SNIC and Lloyd's have had an opportunity to participate in the appeal but neither have done so.

15.

Both SNIC and Lloyd's have had an opportunity to participate in settlement negotiations with Mr. Naquin but neither have done so, thereby undermining the settlement negotiations.

16.

Neither SNIC nor Lloyd's have provided EBI with defense or indemnity against Mr. Naquin's claims and this failure has caused and continues to cause EBI damages in the form of attorneys' fees, litigation costs, lost settlement opportunity, and lost investment opportunity.

## COUNT 1 – BREACH OF CONTRACT

17.

EBI re-pleads and re-alleges all preceding paragraphs.

18.

Both SNIC and Lloyd's have breached their insurance contracts by failing to provide EBI with defense and indemnity.

## COUNT 2 – BAD FAITH UNDER LOUISIANA CIVIL CODE ARTICLE 1997

19.

EBI re-pleads and re-alleges all preceding paragraphs.

20.

Both SNIC's and Lloyd's aforementioned conduct amounts to bad faith breach of contract in violation of Louisiana Civil Code Article 1997.

21.

Consequently, SNIC and Lloyd's are liable to EBI for all damages, foreseeable or not, that are a direct consequence of their failure to perform.

**COUNT 3 – BAD FAITH UNDER LOUISIANA REVISED STATUTE 22:1973**

22.

EBI re-pleads and re-alleges all preceding paragraphs.

23.

Both SNIC's and Lloyd's aforementioned conduct breached the following duties to EBI in the following non-exclusive ways as set forth in La. R.S. 22:1973:

a. the "duty of good faith and fair dealing";

b. the "affirmative duty to adjust all claims fairly and promptly";

c. the "affirmative duty" to "make a reasonable effort to settle claims with the insured or the claimant, or both"; and

d. "Failing to pay the amount of any claim due any person insured by the contract within sixty days after receipt of satisfactory proof of loss from the claimant when such failure is arbitrary, capricious, or without probable cause."

24.

As a consequence of SNIC's and Lloyd's conduct, they are liable for any damage sustained by EBI resulting from the breach, including attorneys' fees, penalties, and all other damages allowable under Louisiana Revised Statute 22:1973.

**PRAYER FOR RELIEF**

WHEREFORE, EBI prays that after due proceedings are conducted that there be judgment in its favor and against SNIC and Lloyd's for all damages described herein, including,

but not limited to, all general, specific, equitable, and punitive damages and any costs, attorneys' fees, penalties, legal interest from date of demand, and all other relief which this Honorable Court deems fair and just.

Respectfully submitted:

**KOEPPEL TRAYLOR**

*/s/ Peter S. Koeppel*

Peter S. Koeppel (#1465)
Chet D. Traylor (#12900)
W. Scarth Clark(#22993)
Jonathan H. Adams (#29061)
2030 St. Charles Avenue
New Orleans, Louisiana 70130
Telephone: (504) 598-1000
Facsimile: (504) 524-1024

Respectfully submitted:

**KUCHLER, POLK, WEINER & RICHESON, LLC**

*/s/ Deb Kuchler*

Deborah D. Kuchler (#17013), T.A.
dkuchler@kuchlerpolk.com
Mark E. Best (#29090)
mbest@kuchlerpolk.com
1615 Poydras Street, Suite 1300
New Orleans, Louisiana 70112
Telephone: (504) 592-0691
Facsimile: (504) 592-0696

**CERTIFICATE OF SERVICE**

I hereby certify that on the 26th day of August, 2014, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system that will send a notice of electronic filing to all CM/ECF participants.

*/s/ Peter S. Koeppel*

**PLEASE SERVE:**

State National Insurance Company
*Through its registered agent for service of process*
Honorable Tom Schedler
Louisiana Secretary of State
Legal Services Department
8585 Archives Avenue
Baton Rouge, Louisiana 70809

Certain Underwriters at Lloyd's, London, including Syndicates COF 1036, COF 2999, BRT 2987, AML 2001
*Through its registered agent for service of process*
Honorable Tom Schedler
Louisiana Secretary of State
Legal Services Department
8585 Archives Avenue
Baton Rouge, Louisiana 70809

Certain Underwriters at Lloyd's, London, including Syndicates COF 1036, COF 2999, BRT 2987, AML 2001
*Through its registered agent for service of process*
Any Senior Partner
Mendes & Mount
750 Seventh Avenue
New York, New York 10019-6829