UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LARRY NAQUIN, SR.,<br>　　　　　　　　　Plaintiff<br><br>VERSUS<br><br>ELEVATING BOATS, L.L.C., ET AL.,<br><br>　　　　　　　　　Defendant | CIVIL ACTION NO.:  10-4320<br><br>SECTION:  "J"(4)<br><br>JUDGE:  BARBIER<br><br>MAGISTRATE:  ROBY |

**MEMORANDUM IN SUPPORT OF MOTION TO SEVER UNDER RULE 14
AND/OR FOR SEPARATE TRIAL ON THE MERITS UNDER RULE 42
BY STATE NATIONAL INSURANCE COMPANY**

**MAY IT PLEASE THE COURT:**

**PRELIMINARY STATEMENT**

　　State National Insurance Company ("SNIC") respectfully requests this Honorable Court to sever the Third Party Demand (Rec.Doc. 200) asserted by Elevating Boats, L.L.C. ("EBI") against SNIC from the principal action between plaintiff and EBI under Rule 14, FED.R.CIV.P. SNIC respectfully requests a separate trial on the merits for the third-party demand under Rule 42, FED.R.CIV.P.  A separate Scheduling Order should be issued for the Third-Party Demand. The requested relief is warranted because:

1. The jury trial on damages in the principal demand will be tainted by the introduction into evidence of P&I and excess insurance coverage, where evidence of insurance is inadmissible and should have no bearing on the amount of damages that should be awarded during the trial on damages;

2. The liability issues between the principal demand and third-party demand are different and will result in juror confusion and undue prejudice to the insurers. The liability verdict rendered against EBI is not conclusive of whether coverage is owed under the SNIC P&I policy and/or excess coverage issued by London Underwriters; and

3. The insurers will be unduly prejudiced by being placed under this Honorable Court's expedited scheduling order geared solely to a new trial on damages. Discovery on significant issues related to insurance coverage must be conducted

1

before trial on the merits for the third-party demand.  SNIC also needs time after discovery for dispositive motion practice on its coverage defenses.

## PROCEDURAL BACKGROUND

On November 15, 2010, plaintiff, Larry Naquin, Sr., filed a Complaint (Rec.Doc. 1) against Elevating Boats, L.L.C. ("EBI") seeking damages for injuries sustained arising out of the failure of a weld on a land-based pedestal crane manufactured by EBI that was being operated by plaintiff at the time of the accident.  On May 16, 2012, after trial on the merits, the jury rendered verdict against EBI.  On May 18, 2012, the Court entered Judgment (Rec.Doc. 118) against EBI in accordance with the jury verdict.  On May 18, 2012, for the first time, EBI provided initial notice of this loss to its primary and excess P&I underwriters after trial was completed, a jury verdict was rendered, and judgment was entered.  On May 30, 2012, an Amended Judgment (Rec.Doc. 121) was entered reducing the amount of damages awarded to plaintiff.

EBI filed multiple post-trial motions seeking to overturn the jury verdict and/or further reduce the amount of damages awarded to plaintiff.  On November 15, 2012, the District Court issued an Order and Reasons (Rec.Doc. 160) denying all of the post-trial motions filed by EBI, subject to the condition that plaintiff had agreed to a remittitur reducing the past lost wages award.  On December 12, 2012, EBI filed a Notice of Appeal initiating its appeal of the jury verdict and adverse decisions on its post-trial motions to the U.S. Fifth Circuit Court of Appeals.  On March 10, 2014, the U.S. Fifth Circuit affirmed the jury verdict and the rulings of the District Court on the issues of seaman status and liability, but reversed the damages award.  *See Naquin v. Elevating Boats, LLC*, 744 F.3d 927 (5th Cir. 2014).  The case was remanded to the District Court for a new trial on damages.  *Id*. at 936.

On August 28, 2014, on remand to the District Court for a new trial solely on damages, EBI chose at this late date to file a Third-Party Demand (Rec.Doc. 200) against SNIC—as

primary Protection & Indemnity ("P&I") underwriter—and Certain Underwriters at Lloyd's, London ("London Underwriters")—as excess P&I underwriters. On August 29, 2014, a Scheduling Order (Rec.Doc. 209) was issued by this Honorable Court allowing limited, expert-related discovery by plaintiff and defendant for the trial on damages. The Scheduling Order does not contemplate third-party demands and the addition of two new parties; does not allow discovery on the insurance contract and bad faith claims newly asserted in the third-party demand; provides unreasonably limited time for dispositive motion practice by third-party defendants without adequate discovery; and rushes the new insurance contract and bad faith claims to trial alongside the trial on damages. The Scheduling Order—directed to the retrial of damages as ordered by the U.S. Fifth Circuit—is unduly prejudicial to the third-party defendants as it does not allow sufficient time to conduct discovery and dispositive motion practice, and it impermissibly combines for trial the damages and insurance contract issues.

On September 10, 2014, SNIC was served with the Third-Party Demand through the Louisiana Secretary of State (Rec.Doc. 211). All issues in the third-party demand have not yet been joined because responsive pleadings have not been filed by all third-party defendants. At this time, the third-party defendants have not participated in a Rule 26(f) planning conference. This Honorable Court has not scheduled and the third-party defendants have not participated in a Rule 16 scheduling conference regarding the new claims asserted in the third-party demand. Initial disclosures statements for the third-party demand have not been exchanged as required under Rule 26(a)(1). No discovery has been conducted on the new claims asserted in the third-party demand.

Absence severance of the third-party demand from the damages issues in the main action, or separate trials and scheduling orders for the principal and third-party demands, third-party

defendants will be subject to a Scheduling Order mandating that discovery is "closed" except for one expert deposition on the issues of damages. Dispositive motions will have to be filed and heard no later than January 20, 2014 without allowing third-party defendants discovery. Trial of the third-party demand will also proceed on April 6, 2015 alongside the retrial of damages regardless of the undue prejudice to third-party defendants by trying damages and insurance coverage issues together. To prevent this unduly prejudicial result, SNIC respectfully requests this Honorable Court to sever the third-party demand from the main demand under Rule 14, FED.R.CIV.P., and/or order a separate trial on the merits for the third-party demand under Rule 42, FED.R.CIV.P.

## ARGUMENT

### I. EVIDENCE OF INSURANCE COVERAGE WILL UNDULY PREJUDICE THE PARTIES AND TAINT ANY AWARD AT A TRIAL ON DAMAGES

The jury trial on damages in the principal demand will be tainted by the introduction into evidence of insurance coverage. Evidence of insurance is inadmissible and should have no bearing on the amount of damages that should be awarded during the trial on damages. The existence of insurance or other indemnification should not be admitted at a trial on damages. Insurance information will distract jurors and preclude a dispassionate calculation of compensatory damages. *See Larez v. Holcomb*, 16 F.3d 1513, 1518 (9th Cir. 1994); *Halladay v. Verschoor*, 381 F.2d 100, 112 (8th Cir. 1967); *Indamer Corp. v. Crandon*, 217 F.2d 391, 394 (5th Cir. 1954); and *Altenbaumer v. Lion Oil Co.*, 186 F.2d 35 (5th Cir. 1950).

In *Marlow LLC v. BellSouth Telecommunications, Inc.*, 2013 WL 1752384 (S.D. Miss. Apr. 23, 2013), it was held that evidence of insurance should not be presented to the jury during a trial on damages:

>Even if relevant, ***it is a general rule that the existence of insurance or other indemnity should not be submitted to the jury on the issue of damages***. See, e.g., *Larez v. Holcomb*, 16 F.3d 1513, 1518-19 (9th Cir.1994); *Halladay v. Verschoor*, 381 F.2d 100, 112 (8th Cir.1967); *Indamer Corp. v. Crandon*, 217 F.2d 391, 394 (5th Cir.1954). Although this rule is usually applied to preclude a defendant from showing that a plaintiff's injuries have been made less severe due to insurance, ***the rule is no less applicable where a defendant's right to indemnification is at issue***. See *Jean-Laurent v. Hennessy*, 840 F.Supp.2d 529, 550 (E.D.N.Y. 2011) (granting defendant policy officers' motion in limine precluding the plaintiff from showing that the City may indemnify the officers in the event of liability); *Betts v. City of Chicago, Ill.*, 784 F.Supp.2d 1020, 1030 (N.D. Ill. 2011) (same); cf. *Howell v. Imperial Palace*, No. 1:09cv7, 2010 WL 122239, at *1-2 (S.D. Miss. Jan. 6, 2010) (bifurcating plaintiff's liability claims and defendants' indemnification crossclaims from purposes of trial under Fed.R.Civ.P. 42(b)). ***Just as a jury may be inclined to award a plaintiff a lesser sum if it finds he has already been compensated through insurance proceeds, it may also decide to award a greater sum if it believes the defendant has made arrangements to be indemnified for any loss***. Cf. *Larez*, 16 F.3d. at 1519 ("In the case, having been told that … [the defendant] would not bear the burden of a damages award, the jury might have been tempted, out of sympathy for … [the plaintiff] to inflate the award….").

2013 WL 1752384 at *1 (emphasis added).

Combining for trial the principal demand with EBI's third-party demand for insurance coverage will unduly prejudice third-party defendants and impermissibly taint the new trial on damages and the trial on insurance coverage. The general rule of separating and/or excluding from evidence during a damages trial the existence of insurance "is no less applicable where defendant's right to indemnification is at issue," *id*. at *1, as it is in the third-party demand. Severance of the claims and/or bifurcation of the trials will be the only way to avoid undue prejudice to the third-party defendants.

## II. THE VERDICT AGAINST EBI IS NOT CONCLUSIVE OF WHETHER COVERAGE IS OWED--JUROR CONFUSION AND PREJUDICE TO THE INSURERS WILL RESULT WITH A COMBINED TRIAL

The liability verdict rendered against EBI is not conclusive of whether coverage is owed under the SNIC P&I policy and/or excess coverage issued by London Underwriters. The

liability issues between the principal demand and third-party demand are different and will result in juror confusion and undue prejudice to the insurers.  During the new trial on damages, the jury will be told that EBI has already been found liable as the Jones Act employer of plaintiff because of a failed land-based pedestal crane and that the jury only needs to determine the amount of damages owed to plaintiff.  Confusion and prejudice will result because the jury will then be asked to differentiate between the fixed liability of EBI for plaintiff's injuries and whether coverage for that liability is owed by SNIC and/or London Underwriters.  Confusion will result because the coverage issues will require a reexamination of the basis for EBI's liability as ultimately found by the prior jury and U.S. Fifth Circuit—a reexamination that would not occur if the issue of damages was tried separately from the insurance coverage issues.  This reexamination of the basis for EBI's liability will create juror confusion and unduly prejudice the insurers.  The jurors will perceive the reexamination of the basis for EBI's liability as contrary to the court's instruction that liability has already been decided.

Protection & Indemnity policies are not the same as Maritime Employers Liability ("MEL") policies.  Coverage afforded under an MEL policy generally will follow the liability of a maritime employer for injuries sustained by its employees.  Coverage provided under a P&I policy is distinguishable and does not always follow the liability of a maritime employer for injuries sustained by its employees.  The P&I policy should only indemnify the Assured "for any sums which the Assured, ***as owner of the Vessel***, shall have become liable to pay," assuming no other conditions or exclusions preclude coverage. AIMU Protection and Indemnity (P and I) Clauses (June 2, 1983); *Lanasse v. Travelers Ins. Co.*, 450 F.2d 580 (5th Cir.1971).  If the Assured's liability is not "as owner of the Vessel," but is based upon the Assured's liability as a maritime employer, then no coverage shall be afforded under the P&I policy. *See Gryar v.*

*Odeco, Inc.*, 719 F.2d 112, 116 (5th Cir.1983) ("Because Odeco's liability was predicated upon its acts as owner of the drilling rig and as Gryar's employer and not on any acts as owner of the vessel, Odeco is not covered by the vessel's P&I insurance …"); *see also Republic Ins. Co. v. City and County of San Francisco*, 1996 WL 655577 (N.D. Cal. Aug. 26, 1996). The employment related liability of a maritime employer (such as may be imposed under the Jones Act) unrelated to vessel ownership and negligence will not be covered under a P&I policy, but may be covered under an MEL policy.

EBI was found liable as the Jones Act employer of plaintiff and as manufacturer of the land-based pedestal crane operated by plaintiff. EBI was not found liable "as owner" of a vessel—a necessary requirement for coverage under the P&I policy. At the outset of the damages trial, the new jury will be advised that liability has already been established and that they are only there to decide the amount of damages. This will be in contrast to the task the jury will have to undertake in evaluating the claims and evidence on the third-party demand—which will impermissibly interject the existence of insurance coverage, insurance coverage issues, and different liability issues in what should only be a pure damages trial. Asking the damages jury to distinguish the liability findings of the prior jury from the liability analysis needed to determine coverage (or the lack thereof) under the primary and excess P&I policies will necessarily result in juror confusion that will unduly prejudice the insurers.

### III.   THE INSURERS WILL BE UNDULY PREJUDICED UNDER THE EXPEDITED SCHEDULING ORDER THAT IS DIRECTED SOLELY TO THE NEW TRIAL ON DAMAGES

The expeditious nature of the Scheduling Order establishes that plaintiff and EBI are ready to be fast-tracked towards their new trial on the issue of damages in the principal demand. Discovery is "closed" but for a single expert deposition. Dispositive motion practice has been

fast-tracked because only a single expert deposition need be taken before plaintiff and EBI should be in a position to file motions for summary judgment on damages.  This is not the case for the third-party demand.

The third-party demand has interjected two new and separate causes of action based upon alleged breach of contract and bad faith against two new third-party defendants.  SNIC and London Underwriters were not involved in, or even aware of, the underling litigation and jury trial.  EBI failed to provide proper and timely notice to SNIC and London Underwriters, and did not notify the insurers until after the jury returned its verdict against EBI.  SNIC is now being required to defend itself against this new third-party demand on a fast-tracked basis without the benefit of discovery while being fast-tracked to trial.

The Scheduling Order is unduly prejudicial to SNIC as it was crafted without contemplating the impact of the third-party demand and the addition of two new parties; does not allow discovery on the insurance contract and bad faith claims newly asserted in the third-party demand; provides unreasonably limited time for dispositive motion practice by third-party defendants without adequate discovery; and rushes the new insurance contract and bad faith claims to trial alongside the new trial that is supposed to be limited to damages.

SNIC has no intent of unreasonably delaying potential disposition on summary judgment or trial of the third-party demand.  However, all issues in the third-party demand have not yet been joined because responsive pleadings have not been filed by all third-party defendants.  Third-party defendants have not participated in a Rule 26(f) planning conference.  This Honorable Court has not scheduled and the third-party defendants have not participated in a Rule 16 scheduling conference regarding the new claims asserted in the third-party demand.  Initial disclosures statements for the third-party demand have not been exchanged as required under

Rule 26(a)(1).  No discovery has been conducted on the new claims asserted in the third-party demand.  Because of these circumstances, it would be unduly prejudicial and burdensome to require third-party defendants to comply with the accelerated Scheduling Order.

The Scheduling Order—directed to the retrial of damages as ordered by the U.S. Fifth Circuit—is unduly prejudicial to the third-party defendants as it does not allow sufficient time to conduct discovery and dispositive motion practice, and it impermissibly combines for trial the damages and insurance contract issues.  The proper course of action is to sever the third-party demand from the principal action, enter a separate scheduling order and discovery plan for the third-party demand, and conduct separate trials for damages and the third-party claims.  *See Wausau Bus. Ins. Co. v. Turner Const. Co.*, 204 F.R.D. 248, 250 (S.D.N.Y. 2001) (granting severance as to claims against insurer added just before trial).  Proceeding in the current posture is unduly prejudicial and burdensome to the third-party defendants who were only just added to this lawsuit.

## CONCLUSION

Considering the above, third-party defendant, State National Insurance Company, respectfully requests this Honorable Court to sever the third-party demand from the principal action as required under Rule 14, FED.R.CIV.P., and order separate trials on the merits for the third-party demand and the retrial of damages as warranted under Rule 42, FED.R.CIV.P.  A separate Scheduling Order should be entered for the third-party demand following a Rule 16 scheduling conference with EBI and the third-party defendants.  Anything else would be unduly prejudicial and burdensome to the third-party defendants.

Respectfully submitted,

**LARZELERE PICOU WELLS**
**SIMPSON LONERO, LLC**
Suite 1100 - Two Lakeway Center
3850 N. Causeway Boulevard
Metairie, LA   70002
Telephone:     (504) 834-6500
Fax:  (504) 834-6565

BY:     */s/ Jennifer R. Kretschmann*  _____  _____
         **JAY M. LONERO, T.A. (No. 20642)**
                 jlonero@lpwsl.com
         **CHRISTOPHER R. PENNISON (No. 22584)**
                 cpennison@lpwsl.com
         **JENNIFER R. KRETSCHMANN (No. 28646)**
                 jkretschmann@lpwsl.com

         **ATTORNEYS FOR STATE NATIONAL INSURANCE**
         **COMPANY**

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of October, 2014, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to all counsel registered for electronic service.  I further certify that I have served a copy of the foregoing pleading on all parties to this proceeding not registered for electronic service, by e-mailing, faxing, and/or mailing the same by United States mail, properly addressed and first class postage prepaid.

                        */s/ Jennifer R. Kretschmann*  _____  _____